Filed 6/13/16  P. v. DeSantis CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PASQUALE DESANTIS, JR.,<br><br>    Defendant and Appellant. | F069518<br><br>(Fresno Super. Ct. No. F10900238)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Poochigian, J. and Franson, J.

Defendant Pasquale DeSantis was convicted by no contest plea of transportation or sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 3) and misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a); count 6). On April 10, 2014, the trial court sentenced him to six years on count 3, plus 180 days in jail on count 6, to be served concurrently. Pursuant to Penal Code section 1170, subdivision (h),[1] the court ordered him to serve his sentence in local custody, and split his sentence into four years in custody and two years on mandatory supervised release. The court ordered a probation supervision fee at sentencing: "You are also ordered to pay fees and fines for probation supervision."[2] The corresponding minute order stated: "Court orders defendant to pay Probation Report and Supervis[i]on fee pursuant to PC 1203.1b …." Similarly, the April 10, 2014 abstract of judgment reflected the trial court's order that defendant pay a "PROBATION SUPERVISION AND REPORT FEE"; however, the words "SUPERVISION AND" were lined out at some point. According to a corrected minute order with a report date of April 18, 2014, the probation supervision fee was no longer ordered, and on June 3, 2014, the court issued a new abstract of judgment that also did not mention the fee. On June 6, 2014, defendant filed a notice of appeal from the April 10, 2014, sentence.

On appeal, defendant contends, and the People concede, that a probation supervision fee was unauthorized. We agree. At the time of defendant's sentencing hearing, section 1203.1b's probation supervision fee provision did not apply to defendants who were placed on mandatory supervision under section 1170,

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     The probation officer's report recommended that defendant be ordered to "[p]ay fees for probation supervision $360.00 annually, presentence report $296.00, treatment programs, and other probation costs, pursuant to Penal Code Section 1203.1 B …."

subdivision (h).[3] (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422.) Thus, a probation supervision fee was unauthorized. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [a sentence is unauthorized "where it could not lawfully be imposed under any circumstance in the particular case"].) Although the fee was lined out and then eliminated from the abstract of judgment, the trial court orally ordered the fee, and thus we will strike the fee to confirm that it has in fact been stricken.

### DISPOSITION

The order to pay a probation supervision fee imposed under former section 1203.1b is stricken. As so modified, the judgment is affirmed. The trial court is directed to confirm that certified copies of the June 3, 2014, abstract of judgment and the corrected minute order with a report date of April 18, 2014, were forwarded to the

---

[3]     When defendant was sentenced on April 10, 2014, section 1203.1b, subdivision (a) stated: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and *in any case in which a defendant is granted probation or given a conditional sentence*, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant to Section 1203.7, of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203, and of processing a jurisdictional transfer pursuant to Section 1203.9 or of processing a request for interstate compact supervision pursuant to Sections 11175 to 11179, inclusive, whichever applies …." (Italics added.)

On September 19, 2014, the Governor signed into law Assembly Bill No. 2199, which became effective January 1, 2015, amending section 1203.1b. (Stats. 2014, ch. 468 (A.B. 2199), § 1.) Section 1203.1b, subdivision (a) now states: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation, given a conditional sentence, or *receives a term of mandatory supervision pursuant to subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170* …." (Italics added.)

3.

Department of Corrections and Rehabilitation. If they were not, the court is instructed to do so.